**In re Mary Lu KLARICH, Debtor.**

**UNITED STATES SMALL BUSINESS ADMINISTRATION, Movant,**

v.

**Mary Lu KLARICH, Respondent.**

**Bankruptcy No. 87–01789–BKC–JJB.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

July 6, 1987.

Mary Lu Klarich, pro se.

William J. Prebil, St. Louis, Mo., for debtor.

Jill S. Newman, Asst. U.S. Atty., U.S. Small Business Admin., St. Louis, Mo., for movant.

Eileen Voss, Trustee, St. Louis, Mo.

JAMES J. BARTA, Bankruptcy Judge.

## FINDINGS AND CONCLUSIONS

This proceeding presents the situation of a debtor who delayed commencing a bankruptcy case until less than two hours be-

fore a scheduled foreclosure sale. In the usual situation, the automatic stay of 11 U.S.C. § 362 would operate to stop the foreclosure, and the debtor would be granted additional time to attempt to locate new financing, reorganize, reaffirm or pay the arrearage and de-accelerate the underlying note. In the present case, however, the Debtor has based her right to the continued protections of the automatic stay on a legal theory which she has not proven, and which is not supported by the record presented to this Court.

The matter was presented to the Court upon the oral motion of the Small Business Administration (SBA) for an expedited hearing on its request for relief from the automatic stay. The Debtor had filed a Chapter 13 Petition for the adjustment of her debts at 10:06 a.m. on June 18, 1987. The SBA had scheduled a foreclosure of its deed of trust interest on the Debtor's residential real property for 12:00 Noon on the same date. At approximately 11:20 a.m., counsel for the SBA presented her oral request for relief from the automatic stay and for an expedited hearing. At approximately 11:30 a.m., the Attorney for the Debtor was contacted by telephone and advised of the Government's request.[1] The hearing was commenced at approximately 11:55 a.m. The Debtor appeared by counsel approximately five minutes thereafter and presented oral argument on the record. Upon consideration of the record as a whole, the Court announced certain findings and conclusions and orders from the bench, as follows:

That this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G); and

That this Debtor and her non-debtor spouse are guarantors of a debt owed by L & L Lubricants to this Movant; and

That in conjunction with the guarantees, the Movant holds a third deed of trust on the Debtor's residential real estate; and

That this Debtor is the bookkeeper of L & L Lubricants, and that this Debtor's non-debtor spouse is the president of said company; and

That on July 29, 1986, the Debtor's non-debtor spouse filed a voluntary individual petition for reorganization under Chapter 11 of the United States Bankruptcy Code; and

That on March 31, 1987, Bankruptcy Court No. 3 dismissed the Chapter 11 case upon an order to show cause why the case should not be dismissed for failure to prosecute, and after a motion had been filed by the Small Business Administration for relief from the automatic stay and to convert the case to Chapter 7; and

That the dismissal order of March 31, 1987 also prohibited the Debtor's non-debtor spouse from being a debtor under Title 11 of the United States Code for 180 days thereafter; and

That since dismissal of the Chapter 11 case, the SBA has attempted to obtain possession of certain personal property of L & L Lubricants, the Debtor's business, which personal property is claimed as collateral for the corporate debt which is guaranteed by this Debtor and her non-debtor spouse; and

That the record in this Bankruptcy case has established that after dismissal of the non-debtor spouse's Chapter 11 case the Debtor's business changed its location and now operates from the Debtor's residence; and

That the location and condition of the corporate personal property which is collateral for the SBA debt has not been disclosed on this record or otherwise made known to the SBA; and

That a consideration of the previous Chapter 11 case and the record in this Chapter 13 matter establishes that the Debtor's business may itself be undergoing a business reorganization; and

That the sole source of funds for the Debtor's Chapter 13 plan is the Debtor's salary from the business operations of L & L Lubricants, the company operated by the Debtor and her non-debtor spouse; and

1. The Government Attorney had previously notified Debtor's counsel that the oral request

would be presented to the Court as quickly as possible.

That, therefore, the Debtor has failed to establish that her income is sufficiently stable and regular to fund a Chapter 13 plan; and

That the Debtor does not dispute the SBA allegation that the value of her residential real property is not sufficient to pay the amount owed upon First, Second and Third mortgages; and

That the Debtor enjoys no equity in the residential real property, and that such property is not necessary for an effective reorganization or repayment plan, and that said property is of no value to this estate; and

That the Debtor's contention that the SBA should be compelled to satisfy this debt by foreclosure upon corporate personal property, the condition and location of which has not been disclosed on this record, is not unlike a request to compel equitable marshalling of the Debtor's assets; and

That the Debtor has failed to establish a basis to compel equitable marshalling; and

That the Debtor's request to continue this matter to permit her to prepare for a potentially protracted trial on the issue of equitable marshalling is unnecessarily prejudicial to the SBA, and, if granted, would likely delay these Chapter 13 proceedings; and

That this SBA motion for relief from the stay is a defensive action, prosecuted in response to the Debtor's commencement of this Chapter 13 case; and that the date and time of commencement of this case was at the Debtor's choosing; and

That, therefore, the Court must conclude that this Chapter 13 case was not filed with a good faith intention to consummate an individual debt adjustment plan, but rather as an attempt to reorganize a non-debtor business, the assets of which are most likely not subject to administration in this Chapter 13 case; and

That Congress did not intend that Chapter 13 be invoked as a means to frustrate what would otherwise be a valid non-bankruptcy proceeding to foreclose upon real property; and

That the interests of the SBA are not adequately protected, and that there is not a reasonable possibility that this Chapter 13 plan will be confirmed; and that the SBA is entitled to relief from the automatic stay; and

That denial of the SBA request to terminate the automatic stay retroactive to a time prior to foreclosure would be patently inequitable to the SBA and would frustrate the effect of these findings and conclusions and orders; and

That denial of the SBA requests would result in unnecessary additional costs to the SBA which would not be recovered due to the absence of sufficient value in the Debtor's property; and

That, therefore, the SBA will suffer irreparable damage if its request is denied. Therefore,

By a separate order, the Small Business Administration is granted relief from the automatic stay retroactive to 11:55 a.m. on June 18, 1987.